FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2011 FEB 15  AM 10: 12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA
ex rel. MARSHA YANDELL,

        Plaintiffs,

v.

ADVANCED HOMECARE, INC.,

        Defendant.

_____/

CASE NO.

3:11-Cv-146-J-32-JRK

**FILED UNDER SEAL**
**PURSUANT TO 31 U.S.C. §3730(b)(2)**
**DO NOT PLACE IN PRESS BOX OR**
**ENTER ON PACER OR ANY**
**PUBLICLY ACCESSIBLE SYSTEM**

## FALSE CLAIMS ACT QUI TAM COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1.    Marsha Yandell ("Relator") brings this action on behalf of the United States of America against Defendant Advanced Homecare, Inc. for treble damages and civil penalties for the Defendant's violations of the False Claims Act, 31 U.S.C. §3729 *et seq.*

2.    As required by the False Claims Act, 31 U.S.C. §3730(b)(2), Relator has provided previously to the Attorney General of the United States and to the United States Attorney for the Middle District of Florida a statement of all material evidence and information related to this Complaint. This disclosure statement is supported by material evidence known to Relator establishing the existence of Defendant's false claims. Because this disclosure statement includes attorney-client communications and work product of Relator's attorneys, and is submitted to the Attorney General and to the United

States Attorney in their capacity as potential co-counsel in this litigation, Relator

understands this disclosure to be confidential.

## Jurisdiction and Venue

3.      This action arises under the False Claims Act, 31 U.S.C. §3729 *et seq.*

This Court has jurisdiction over this case pursuant to 31 U.S.C. §3732(a) and §3730(b),

as well as 28 U.S.C. §1345 and §1331.

4.      Venue is proper in this district pursuant to 31 U.S.C. §3732(a) because the

acts proscribed by 31 U.S.C. §3729 *et seq.* and complained of herein took place in this

district, and is also proper pursuant to 28 U.S.C. §1391(b) and (c) because at all relevant

times Defendant transacted business in this district.

## Parties

5.      Relator Marsha Yandell is a registered nurse licensed to practice in Florida

and Missouri.  She worked as a field nurse and then as a clinical manager for Defendant

in Jacksonville, Florida between January 2009 and January 18, 2010.  Ms. Yandell was

unlawfully fired by Defendant on January 18, 2010.

6.      Defendant Advanced Homecare, Inc. is a Florida corporation providing

home care to Medicare beneficiaries in the Jacksonville area.

## Medicare Program Requirements

7.      Under Section 30.1.1 of Chapter 7 of the Medicare Benefit Policy Manual,

the Medicare program limits home health benefits to beneficiaries for whom "leaving

home would be a considerable and taxing effort."  Moreover, an absence from the home

will not disqualify a Medicare beneficiary from receiving home health benefits only if

"the absence is of an infrequent or of relatively short duration." *Id.*

8.      Section 30.5 of Chapter 7 of the Medicare Benefit Policy Manual provides that "[t]he HHA [home health agency] must be acting upon a physician certification that is part of the same plan of care ... and meets the requirements of this section for HHA services to be covered."

9.      Under Section 10 of Chapter 7 of the Medicare Benefit Policy Manual, the prospective payment system used to reimburse home health services is based on a 60-day episode rate.

## COUNT ONE

### Presenting and Causing to be Presented False and Fraudulent Claims in Violation of 31 U.S.C. §3729(a)(1)(A)

10.     Relator realleges and incorporates by reference paragraphs 1 through 9.

11.     From at least January 2009 through the present, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare claims for payment in violation of 31 U.S.C. §3729(a)(1)(A) by billing Medicare for care purportedly provided to "homebound" patients that Defendant knew were not actually homebound according to Medicare rules.

12.     From at least January 2009 through the present, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare claims for payment in violation of 31 U.S.C. §3729(a)(1)(A) by billing Medicare for home health services provided before the required physician certification was signed.

3

13.     From at least January 2009 through the present, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare claims for payment in violation of 31 U.S.C. §3729(a)(1)(A) by falsifying electronic patient charts in order to evade billing holds which would otherwise have been placed by Defendant's Validator billing software.

14.     From at least January 2009 through the present, Defendant routinely, and as a pattern and practice, knowingly presented and caused to be presented false and fraudulent Medicare claims for payment in violation of 31 U.S.C. §3729(a)(1)(A) by fraudulently changing dates of service and by billing without having required patient signatures and nurse signatures.

## COUNT TWO

### Making and Using False Statements and Records to Get False and Fraudulent Claims Paid in Violation of 31 U.S.C. §3729(a)(1)(B)

15.     Relator realleges and incorporates by reference paragraphs 1 through 9.

16.     From at least January 2009 through the present, Defendant routinely, and as a pattern and practice, knowingly made and used false statements and records material to false and fraudulent Medicare claims in violation of 31 U.S.C. §3729(a)(1)(B) by falsifying electronic patient charts in order to evade billing holds which otherwise would have been placed by Defendant's Validator billing software.

17.     From at least January 2009 through the present, Defendant routinely, and as a pattern and practice, knowingly made and used false statements and records material to false and fraudulent Medicare claims in violation of 31 U.S.C. §3729(a)(1)(B) by fraudulently changing dates of service and by billing without having required patient signatures and nurse signatures.

## COUNT THREE
### Retaliatory Discharge in Violation of 31 U.S.C. §3730(h)

18.    Relator realleges and incorporates by reference paragraphs 1 through 9.

19.    On January 18, 2010, Defendant unlawfully discharged Relator from her employment as a clinical manager because of lawful acts done by Relator in furtherance of a False Claims Act *qui tam* action or other efforts to stop one or more False Claims Act violations.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter judgment against Defendant and order:

(a)    That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false and fraudulent claims alleged within this Complaint, as the False Claims Act, 31 U.S.C. §3729 *et seq.* provides;

(b)    That civil penalties of $11,000 be imposed for each and every false and fraudulent claim that Defendant presented and caused to be presented to the United States;

(c)    That pre and post-judgment interest be awarded, along with reasonable attorneys' fees, costs and expenses which Relator necessarily incurred in bringing and pressing this case;

(d)    That the Court grant permanent injunctive relief to prevent any recurrence of the False Claim Act violations for which redress is sought in this Complaint;

(e)    That the Relator be awarded the maximum amount allowed pursuant to the False Claims Act;

(f)   That the Relator be awarded two times the amount of back pay, interest on the back pay, reinstatement with the same seniority status Relator would have had, and compensation for any special damages sustained, including litigation costs and reasonable attorney fees; and

(g)   That this Court award such other and further relief as it deems proper.

## DEMAND FOR JURY TRIAL

Relator, on behalf of herself and the United States, demands a jury trial on all claims alleged herein.

Dated  February 14, 2011

Respectfully submitted,

Barry A. Cohen
Florida Bar No. 096478
bcohen@tampalawfirm.com
Kevin J. Darken
Florida Bar No. 0090956
kdarken@tampalawfirm.com
COHEN, FOSTER & ROMINE, P.A.
201 East Kennedy Boulevard, Ste 1000
Tampa, Florida 33602
Telephone: (813) 225-1655
Facsimile:  (813) 225-1921
Counsel for *Qui Tam* Relator

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *False Claims Act Qui Tam Complaint* has been furnished by hand delivery to: **Robert O'Neill,** United States Attorney, United States Attorney's Office, 400 N. Tampa Street, Ste 3200, Tampa, FL 33602; and by Federal Express to **Eric Holder,** United States Attorney General, Dept. of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C. 20530-001 on this /4th day of February 2011.

Barry A. Cohen
Florida Bar No. 096478
bcohen@tampalawfirm.co
**Kevin J. Darken**
Florida Bar No. 0090956
kdarken@tampalawfirm.com
Cohen, Foster & Romine, P.A.
201 E. Kennedy Boulevard,
Suite 1000
Tampa, FL 33602
Telephone: (813) 225-1655
Facsimile:  (813) 225-1921
Attorneys for *Qui Tam* Relator